MANUEL MORALES MUÑOZ, Plaintiff and Appellee, *v.* VENTURA CORTÉS, Defendant and Appellant.

No. 6764. Argued February 5, 1936.—Decided February 15, 1937.

*J. Henri Brown, C. Ruiz Nazario, G. E. González*, and *G. Benítez Gautier* for appellant. *Armando A. Miranda* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Manuel Morales Muñoz brought suit against Ventura Cortés and the Porto Rican & American Insurance Company to recover medical fees. One of the most essential averments of the complaint was that the defendant, Ventura Cortés, on May 10, 1929, in his own name, and in the name and in representation of his insurer, the Porto Rican & American Insurance Company sought the services of Dr. Morales Muñoz to take charge of the case of Inocencio Díaz who had been run over by the automobile of Ventura Cortés. A demurrer was filed to the complaint on the ground that the Porto Rican & American Insurance Co. was improperly joined and had no responsibility. The court decided that there was nothing in the complaint to show that Ventura Cortés had authority to represent the Porto Rican & American Insurance Co. in order to obtain the services of the complainant or any other person. The court held that the complaint was good only as to Ventura Cortés.

The defendant answered and the case went on to trial and on the 18th of November, 1933, the District Court of San Juan, through a substitute judge rendered judgment in favor of the plaintiff in the sum of $500. The court said in the course of the judgment that after examining the various contentions of the parties it had become convinced of the veracity of the witnesses of the plaintiff. These commentaries were not made in a separate opinion but within the judgment itself.

The first ground of error on appeal is that the court erred in not rendering an opinion in accordance with Section 227 of the Code of Civil Procedure. No attempt was made in the lower court to obtain such an opinion. The judgment and the trial show that the principal matter before the court was a conflict in the evidence and we have decided in a number of cases that it is almost impossible for a court

to give all its reasons for believing one set of witnesses rather than another; that such a conclusion is a matter largely of intuition. One of the cases is *Deliz* v. *Deliz,* 40 P.R.R. 72 where we said in effect that it could hardly have been the intention of the Legislature to have the court say that it believed or disbelieved a witness on account of his words or gestures. Other cases which bear on the same point are *Rodríguez* v. *Porto Rico Ry., L. & P. Co.,* 44 P.R.R. 923 and *Guijarro* v. *Lluberas,* decided on December 11, 1936.

■ There were several assignments of error relating to the complaint or to the evidence involving a reference to the Porto Rican & American Insurance Co. and that this whole case involved a contract between Ventura Cortés as agent of the Porto Rican & American Insurance Co. and Dr. Morales Muñoz.

At the instance of the defendants, the Porto Rican & American Insurance Co. was taken out of the case and the court held that the suit might proceed against Ventura Cortés. Furthermore, the complaint was so drawn that Ventura Cortés appears therein as acting in his own name and in the name of the Porto Rican & American Insurance Co. Hence the complaint and the trial could clearly go on against Ventura Cortés.

■ In point of fact, the trial was conducted largely on the ground of a supposed hiring of the doctor by Ventura Cortés. The theory of the plaintiff clearly was that Ventura Cortés had hired him and the theory of the defendant was that there was no such special hiring, but that Dr. Morales Muñoz was merely acting as a physician in charge of the hospital at Barceloneta.

The rest of the assignments of error so far as they were not harmless, if errors at all, related to the weighing of the evidence by the district court. The testimony of Ventura Cortés and his witnesses tended to show that Ventura Cortés only agreed to be responsible for the hospital expenses and that he did nothing in any way to engage the services of

Dr. Morales Muñoz. Indeed, if the witnesses for the defendant be believed, Ventura Cortés only agreed to be responsible possibly for the ordinary things that happen when an injured patient is taken to the hospital and the hospital takes charge of him. There were other matters. However, the court had a right to conclude that Ventura Cortés specifically asked Dr. Morales Muñoz to take charge of the case on his own account. Both the doctor and a policeman testified to these facts and the court had a right to believe them.

We can see an argument against the imposition of costs, inasmuch as the claim was for $1,500 and the court rendered judgment for $500, but the court had a right to conclude that if Ventura Cortés had admitted the contract, he might have made a settlement out of court with Dr. Morales Muñoz, or even offered to pay a reasonable amount, and hence we see no reason to interfere with the discretion of the lower court.

The judgment will be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Travieso took no part in the decision of this case.

Mr. Justice Hutchison agrees with the result.